**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND<br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br>  Plaintiff,<br><br>v.<br><br>TITAN SHEET METAL, INC.,<br>180 Vander Street<br>Corona, CA 92880<br><br>Registered Agent:<br>Marc S. Hines<br>3080 Bristol Street, Suite 540<br>Costa Mesa, CA 92626<br><br>EPIC SHEET METAL, INC.<br>1720 Industrial Avenue<br>Norco, CA 92860<br><br>Registered Agent:<br>Eric Michael Sands<br>3690 Vanderbilt Drive<br>Corona, CA 92881<br><br>  Defendants. | CIVIL ACTION NO. 1:19-cv-291<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**  for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

## COMPLAINT

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") hereby complains as follows:

## Introduction

1.      This is a civil action brought by an employee benefit plan, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221 and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1),

(g)(2), 1145, 1399, 1401, and 1451 and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Fund seeks a monetary judgment against Defendant awarding withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, 4219, 4221, and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, 1399, 1401, and 1451, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Fund.

## **Jurisdiction and Venue**

2.      Jurisdiction is conferred upon this Court by Sections 502(e), (f), 4221(b) and 4301(a), (c) of ERISA, 29 U.S.C. §§ 1132(e), (f), 1401(b), 1451(a) and (c), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) as the Plaintiff Fund is administered in this district with its principal place of business in Fairfax, Virginia.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## **Parties**

5.      Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of

ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.      The Trustees of the Plaintiff Fund bring this action in their collective names or, as necessary or appropriate, in the name of the plan, and its participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

7.      At all times relevant to this action, Defendant Titan Sheet Metal, Inc. ("Titan") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Titan has been incorporated in the state of California with a principal place of business at 180 Vander Street, Corona, CA 92880.

8.      At all times relevant to this action, Defendant Epic Sheet Metal, Inc. ("Epic") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief,

at all times relevant to this action, Epic has been incorporated in the state of California with a principal place of business at 1720 Industrial Avenue, Norco, CA 91752.

## Factual Background

9.       At all times relevant to this action, Titan employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union No. 105 ("Local 105" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

10.       At all times relevant to this action, Titan was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant was obligated to submit monthly remittance reports and fringe benefit contributions to NPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 105.

11.       Although Epic is not signatory to the CBA with Local 105, Epic is an alter ego of Titan, and thus is liable for Titan's obligations to the NPF.

12.       At all relevant times, Defendants Titan and Epic shared an interrelation of operations, common management, centralized control of labor relations, business purpose, equipment, customers, and common ownership. Specifically:

a.       Marc Hines incorporated both Defendant corporations and listed the same address for each corporation on the incorporating documents;

b.       Dale Auslander is the president of Titan and his son Raymond Auslander is a principal officer for Epic;

c.      Defendants employ the same classification or similar classification of employees, those employees have the same or similar training, and Defendants perform the same type of work in the same industry in the same geographic market;

d.      Defendants have an overlapping workforce. Following the dissolution of Titan effective July 1, 2017, Epic commenced performing the same work for the same customers with the same employees.

13.      Pursuant to the grievance procedure outlined in the CBA, the Union filed a grievance with the Local Joint Adjustment Board (LJAB) for the Residential Sheet Metal Industry against Epic as an alter ego of Titan for breaching the terms of the CBA. In December 2017, the LJAB found that "Epic is the alter ego of Titan and was created at least in part in order to avoid the union contract."

14.      As an alter ego of Titan, Epic is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and jointly and severally liable for any obligations of Titan arising from the CBA.

15.      Pursuant to the CBA, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document").

**Withdrawal Liability**

16.      The NPF determined that Titan had affected a complete withdrawal from the NPF on or about August 1, 2017 within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

17.      The NPF sent a notice of withdrawal to Titan on August 16, 2017, advising that it owed withdrawal liability to the NPF. This notice informed Titan that provisional withdrawal liability was assessed in the amount of $1,089,216.52 and that it was amortized, as required by

Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to twelve quarterly payments in the amount of $91,515.76 each, with the first payment being due October 1, 2017, and final remaining 13th payment of $81,821.94 due October 1, 2020. This notice also informed Titan that because the withdrawal occurred after December, 31, 2016, the withdrawal liability calculation would be updated once worksheets for 2017 withdrawals became available.

18.     Following the completion of the Fund's Withdrawal Liability Report for the 2016 Plan Year, the NPF sent a notice to Titan on April 25, 2018 providing the final calculation of withdrawal liability.  This notice informed Titan that withdrawal liability was assessed in the amount of $1,501,458.80 and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 19 quarterly payments in the amount of $89,261.58 each, with the first payment having been due October 1, 2017, and final remaining 20th payment of $20,555.51 due July 1, 2022.

19.     In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Titan had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments.

20.     Titan timely requested review of the provisional withdrawal liability assessment via letter dated November 13, 2017.

21.     The Fund received this request for review and determined that there was no basis to modify Titan's withdrawal liability assessment or payment schedule.

22.     Titan timely initiated arbitration pursuant to 29 U.S.C. § 1401(a)(1) by letter dated May 7, 2018.

23.     Pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), regardless of whether Titan chose to request review of the withdrawal liability assessment or initiated

arbitration, Titan was required to begin making its withdrawal liability payments as of October 1, 2017. Titan failed to make its first scheduled payment. To date, Titan has failed to make any of the five subsequent quarterly payments in accordance with the payment schedule.

24.     By letter dated October 17, 2017, the NPF notified Titan that it failed to make the first payment under the amortized payment schedule and provided the opportunity for Titan to cure the delinquency. The NPF requested that Titan correct this delinquency within sixty days of receipt of the letter to avoid legal action.

25.     Titan did not cure its failure to pay the first payment in accordance with the payment plan within the sixty-day time period afforded and has failed to make any of the five subsequent payments pursuant to the schedule. Accordingly, Titan and Epic, as an alter ego of Titan, are delinquent in paying the withdrawal liability and jointly and severally owe the total of the six missed payments.

26.     Defendants are also liable for the accrued interest on the unpaid amounts owed. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

27.     Defendants are also liable for liquidated damages and reasonable attorneys' fees and costs in accordance with the Trust Documents and applicable federal law, 29 U.S.C. § 1451(b), (e).

28.     The Trust Documents provide that in the event of a delinquency, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

## Count I
### *Withdrawal Liability*

29.     Plaintiff realleges and incorporates Paragraphs 1 through 28.

30.     This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

31.     Defendants have failed to pay amounts owed for withdrawal liability pursuant to the applicable payment schedule for a period greater than sixty (60) days after notification of failure by the NPF. Defendants have missed six quarterly payments of $89,261.28 each, totaling $535,567.68.

32.     Defendants are liable for the total amount of the missed withdrawal liability installments pursuant to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) in the amount of $535,567.68.

33.     As a result of Defendants' failure to timely remit the withdrawal liability amounts owed to NPF, Defendants are liable for interest on all late payment amounts according to the Trust Documents and Section 4219(c)(5) of ERISA in the amount of at least $35,764.92 (calculated through March 15, 2019). Interest continues to accrue on these unpaid amounts until the date of payment.

34.     As a result of Defendants' failure to timely remit the withdrawal liability amounts owed to NPF, Defendants are liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and federal law in the amount of at least $107,113.54.

35.     As a result of Defendants' failure to timely remit the withdrawal liability amounts owed to NPF, Defendants are liable for the reasonable costs and attorneys' fees incurred in

connection with this action according to the terms of the Trust Documents and federal law.

**WHEREFORE**, Plaintiff requests a judgment against Defendants for all amounts due to the NPF as follows:

1.      Declare that Defendant Titan and Defendant Epic are alter egos and/or constitute a single employer and are joint and severally liable for each other's debts;

2.      Enter judgment against Defendants for the total of Defendants' six missed withdrawal liability payments, in the amount of $535,567.68;

3.      Enter judgment against Defendants for interest on the delinquent withdrawal liability at a rate of 0.0205% per day, compounded daily, from the date due until the date paid or the date of the judgment, in the amount of at least $35,764.92 (calculated through March 15, 2019);

4.      Enter judgment against Defendants for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability, in the amount of at least $107,113.54;

5.      Enter judgment against Defendants for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent withdrawal liability since the date of Titan's delinquency; and

6.      Award such other relief as the Court deems just and proper.

Respectfully Submitted,

_____/s/ Diana M. Bardes_____
Diana M. Bardes (Bar No. 81831)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Pension Fund

Dated: March 13, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 13th day of March, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR WITHDRAWAL LIABILITY, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

      U.S. Department of Labor
      Attn: Assistant Solicitor for Plan Benefits Security
      200 Constitution Ave., N.W.
      Washington, DC 20002

      U.S. Department of Treasury
      Attn: Secretary of the Treasury
      1500 Pennsylvania Avenue, NW
      Washington, D.C. 20220

                        _____/s/ Diana M. Bardes_____
                            Diana M. Bardes